**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **LIAN HUI QI, individually and on behalf of all other employees similarly situated,** | : | **Case No.** |
| **c/o Mann & Mann, LLC** | : | |
| **30 Garfield Pl., Suite 920** | : | **Judge** |
| **Cincinnati, OH 45202** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **ICHIBAN AT MT. LOOKOUT INC. d/b/a/** | : | **COLLECTIVE & CLASS** |
| **"Ichiban Japanese Cuisine"** | : | **ACTION COMPLAINT WITH** |
| **1020 Delta Ave.** | : | **JURY DEMAND ENDORSED** |
| **Cincinnati, OH 45208** | : | **HEREON** |
| | : | |
| **and** | : | |
| | : | |
| **AQUA RESTAURANT, LLC d/b/a** | : | |
| **"Ichiban Japanese Cuisine"** | : | |
| **1020 Delta Ave.** | : | |
| **Cincinnati, OH 45208** | : | |
| | : | |
| **and** | : | |
| | : | |
| **QING SONG PAN** | : | |
| **c/o Ichiban at Mt. Lookout Inc.** | : | |
| **1020 Delta Ave.** | : | |
| **Cincinnati, OH 45208** | : | |
| | : | |
| **and** | : | |
| | : | |
| **QING LIN PAN** | : | |
| **c/o Ichiban at Mt. Lookout Inc.** | : | |
| **1020 Delta Ave.** | : | |
| **Cincinnati, OH 45208** | : | |
| | : | |
| **and** | : | |
| | : | |

1

**MEI LING NI**
c/o Ichiban at Mt. Lookout Inc.
1020 Delta Ave.
Cincinnati, OH 45208

and

**CHANG JAN NI**
c/o Ichiban at Mt. Lookout Inc.
1020 Delta Ave.
Cincinnati, OH 45208

and

**LIANG TUAN PAN**
c/o Ichiban at Mt. Lookout Inc.
1020 Delta Ave.
Cincinnati, OH 45208

and

**YONG XING CHEN**
c/o Ichiban at Mt. Lookout Inc.
1020 Delta Ave.
Cincinnati, OH 45208

and

**YU BIN LIN**
c/o Ichiban at Mt. Lookout Inc.
1020 Delta Ave.
Cincinnati, OH 45208

   **Defendants.**

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Plaintiff Lian Hui Qi ("Qi") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, hereby files this complaint against the Defendants Ichiban At Mt. Lookout Inc., d/b/a "Ichiban Japanese Cuisine", Aqua Restaurant, LLC d/b/a/ "Ichiban Japanese Cuisine" Qing Song Pan, Qing Lin Pan, Mei Ling Ni, Chang Jan Ni, Liang Tuan Pan, and Yong Xing Chen (each an "Individual Defendant" or, collectively with the Corporate Defendants, the "Defendants"), alleges and shows the Court the following:

2

**PRELIMINARY STATEMENT**

1.      This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code §4111.01 *et seq* ("OMFWSA"), and the Ohio Constitution, Art. II, § 34a ("Section 34a") arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and OMFWSA by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) minimum wages, (2) overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to OMFWSA and Section 34a, that he is entitled to recover from the Defendants: (1) unpaid minimum wage; (2) unpaid overtime compensation; (3) liquidated damages equal to the sum of unpaid overtime pursuant to the Ohio Wage Law; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

**JURISDICTION AND VENUE**

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the Ohio Wage Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      Plaintiff Lian Hui Qi is an adult resident of the State of New York. Plaintiff Qi was employed by Defendants' restaurant located at 1020 Delta Ave. Cincinnati, OH 45208.

8.      At all times relevant herein, Plaintiff Qi was an "employee" of the Defendants as defined in the FLSA and the OMFWSA.

9.      Plaintiff Qi has given written consent to join this action, a copy of which is attached to this Class Action Complaint.

## DEFENDANTS

10.      Upon information and belief, Defendant, Ichiban At Mt. Lookout Inc. d/b/a "Ichiban Japanese Cuisine" ("Ichiban") owns and operates a restaurant in Cincinnati located at 1020 Delta Avenue Cincinnati, OH 45208.

11.      Upon information and belief, Ichiban had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Ichiban purchased and handled goods moved in interstate commerce.

12.      Upon information and belief, Defendant, Aqua Restaurant Inc. d/b/a "Ichiban Japanese Cuisine" ("Aqua") owns and operates a restaurant in Cincinnati located at 1020 Delta Avenue Cincinnati, OH 45208.

13.      Upon information and belief, Aqua had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Aqua purchased and handled goods moved in interstate commerce.

14.      Upon information and belief, Defendant Qing Song Pan is the owner, officer, director and/or managing agent of Ichiban and/or Aqua and participated in the day-to-day operations of Ichiban and/or Aqua and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29

4

C.F.R. §791.2, Ohio Rev. Code Ann. §4111.01 *et seq.*, and the regulations thereunder, and is jointly and severally liable with Ichiban and/or Aqua.

15. Upon information and belief, Defendant Qing Song Pan owns the stock of Ichiban and/or Aqua and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

16. Upon information and belief, Defendant Qing Lin Pan is the owner, officer, director and/or managing agent of Ichiban and/or Aqua and participated in the day-to-day operations of Ichiban and/or Aqua and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, Ohio Rev. Code Ann. §4111.01 *et seq.*, and the regulations thereunder, and is jointly and severally liable with Ichiban.

17. Upon information and belief, Defendant Qing Lin Pan owns the stock of Ichiban and/or Aqua and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

18. Upon information and belief, Defendant Mei Ling Ni is the owner, officer, director and/or managing agent of Ichiban and/or Aqua and participated in the day-to-day operations of Ichiban and/or Aqua and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, Ohio Rev. Code Ann. §4111.01 *et seq.*, and the regulations thereunder, and is jointly and severally liable with Ichiban and/or Aqua.

19. Upon information and belief, Defendant Mei Ling Ni owns the stock of Ichiban and/or Aqua and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

5

20.     Upon information and belief, Defendant Chang Jan Ni is the owner, officer, director and/or managing agent of Ichiban and/or Aqua and participated in the day-to-day operations of Ichiban and/or Aqua and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, Ohio Rev. Code Ann. §4111.01 *et seq.*, and the regulations thereunder, and is jointly and severally liable with Ichiban and/or Aqua.

21.     Upon information and belief, Defendant Chang Jan Ni owns the stock of Ichiban and/or Aqua and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

22.     Upon information and belief, Defendant Liang Tuan Pan is the owner, officer, director and/or managing agent of Ichiban and/or Aqua and participated in the day-to-day operations of Ichiban and/or Aqua and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, Ohio Rev. Code Ann. §4111.01 *et seq.*, and the regulations thereunder, and is jointly and severally liable with Ichiban and/or Aqua.

23.     Upon information and belief, Defendant Liang Tuan Pan owns the stock of Ichiban and/or Aqua and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

24.     Upon information and belief, Defendant Yong Xing Chen is the owner, officer, director and/or managing agent of Ichiban and/or Aqua and participated in the day-to-day operations of Ichiban and/or Aqua and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, Ohio Rev. Code Ann. §4111.01 *et seq.*, and the regulations thereunder, and is jointly and severally liable with Ichiban and/or Aqua.

25. Upon information and belief, Defendant Yong Xing Chen owns the stock of Ichiban and/or Aqua and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

26. Upon information and belief, Defendant Yu Lin Bin is the owner, officer, director and/or managing agent of Ichiban and/or Aqua and participated in the day-to-day operations of Ichiban and/or Aqua and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, Ohio Rev. Code Ann. §4111.01 *et seq.*, and the regulations thereunder, and is jointly and severally liable with Ichiban and/or Aqua.

27. Upon information and belief, Defendant Yu Lin Bin owns the stock of Ichiban and/or Aqua and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

28. At all times relevant herein, Ichiban was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

29. At all times relevant herein, Aqua was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

30. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Corporate Defendants.

31. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wage and overtime compensation.

32. At all relevant times, Defendants knowingly and willfully deducted Plaintiff's tips unlawfully.

33. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

7

**STATEMENT OF FACTS**

34.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

35.     Defendants knew that the nonpayment of minimum wage and overtime premium would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

36.     From July 2014 to November 2015, Plaintiff Qi was employed by Defendants to work as a waitress for Defendants' restaurant located at 1020 Delta Avenue Cincinnati, OH 45208.

37.     From July 2014 to November 2015, Plaintiff worked six days per week on the following schedule: (1) on Sunday and Monday, Plaintiff worked from 3:30pm to 11:00pm; (2) on Wednesday and Thursday, Plaintiff worked from 3:30pm to 1:00am; and (3) on Friday and Saturday, Plaintiff worked from 3:30pm to 2:00am. Plaintiff took Tuesdays off every week. Plaintiff did not get any breaks during the work hours. Plaintiff therefore worked at least fifty-five (55) hours per week.

38.     During the relevant period, Plaintiff was paid a flat rate of $10 per day, paid weekly in cash.

39.     From January 1, 2014 to December 31, 2014, the minimum wage in Ohio was $7.95 per hour.

40.     From January 1, 2015 to the present, the minimum wage in Ohio was $8.10 per hour.

41.     Defendants did not provide Plaintiff any tip credit notice upon hiring or at anytime thereafter.

42.     Plaintiff never agreed to participate in tip pooling among the employees.

8

43.     During the relevant period, Plaintiff received about $125 in tips on Sunday, Monday, Wednesday, and Thursday. Plaintiff received about $180 in tips on Friday and Saturday.

44.     During the relevant period, Defendants deducted twenty-percent from Plaintiff's tips received each week.

45.     Defendants did not pay Plaintiff the minimum wage according to state and federal laws.

46.     Defendants did not compensate Plaintiff for overtime compensation according to state and federal laws.

47.     Defendants illegally deducted twenty percent from Plaintiff's tips each week.

48.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

49.     Defendants knew that the nonpayment of the minimum wage and overtime premium along with illegal tip deductions would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

50.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

51.     Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiff, and the Class.

## COLLECTIVE ACTION ALLEGATIONS

52.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA minimum wage and overtime rate (of time and one-half), or the Ohio State minimum wage and overtime rate (of time and one-half), in violation of the FLSA and OMFWSA and the supporting federal and state Department of Labor Regulations.

53. Defendants knowingly and willfully operated their business with a policy of illegally deducting from tips of Plaintiff and other similarly situated employees in violation of the FLSA and OMFWSA and the supporting federal and state Department of Labor Regulations.

54. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant location for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

55. Upon information and belief, the Collective Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collective action under the FLSA, 29 U.S.C. §216(b).

56. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

57.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

58.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

59.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members minimum wages for all hours worked in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

60.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

61.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

**CLASS ACTION ALLEGATIONS**

62.     Plaintiff brings his OMFWSA claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at their restaurant location doing business as Ichiban Japanese Cuisine on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Class Period").

63.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

64.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than ten (10) members of the class.

65.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their unlawful deduction from employees' tips, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

66.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing plaintiff in both class action and wage and hour employment litigation cases.

67.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great

13

expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

68.    Upon information and belief, defendants and other employers throughout the state violate the OMFWSA and Section 34a.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.   Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

69.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the Ohio law;

b. Whether Defendants paid Plaintiff and Class members are the proper minimum wage for all hours worked;

c. Whether Plaintiff and Class members are entitled to overtime under the Ohio Law;

d. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work; and

e. Whether Defendants' policy of failing to pay Plaintiffs and the Class was instituted willfully or with reckless disregard of the law.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiffs and the FLSA Collective]**

70. Plaintiffs and the Rule 23 Class re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

71. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiffs are covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

72. At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

73. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

74. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

75. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

15

76.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

77.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II
### [Violation of Ohio Constitution, Article II, § 34a—Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]

78.     Plaintiffs  and the Rule 23 Class re-allege  and  incorporate by reference all preceding paragraphs as though fully set forth herein.

79.     At all relevant times, plaintiffs were employed by Defendants within the meaning of Ohio Law.

80.     Defendants paid Plaintiffs and the Class below minimum wage for the hours they worked.

81.     Article II § 34a of the Ohio Constitution requires that employees be paid not less than minimum wage as determined by an inflation index ($7.95/hour and $8.10/hour) for all hours worked.

82.     By not paying Plaintiffs and the Class at least minimum wage for each hour worked, Defendants have violated the Ohio Constitution, Article II, § 34a.

83.     Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

84.     As a result of Defendants' violations, Plaintiffs and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid wages, damages, compensatory damages, costs, and attorneys' fees.

**COUNT III**
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

85.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

86.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

87.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

88.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

89.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours  per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

90.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

17

91.	Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

92.	Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT IV**
**[Violation of OMFWSA—Overtime Pay**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

93.	Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94.	Defendants did not pay Plaintiff and the FLSA Colective at least one and a half times their normal hourly rate for time worked in excess of forty hours per workweek.

95.	Defendants' failure to pay Plaintiff and the Rule 23 Class their overtime pay violated the OMFWSA.

96.	Defendants' willful failure to pay Plaintiff and the Rule 23 Class was not in good faith.

**COUNT V**
**[Violation of the Fair Labor Standards Act — Improper Retention of Tips**
**Brought on behalf of Plaintiff and the FLSA Collective]**

104.	Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

18

105. Plaintiff brings this Cause of Action pursuant to 29 U.S.C § 216(b) on behalf of themselves and all other similarly situated persons, if any, who consent in writing to join this action.

106. The FLSA prohibits any arrangement between the employer and a tipped employee whereby any part of the tip received becomes the property of the employer. A tip is the sole property of the tipped employee.

107. Upon information and belief, Defendants did not allow Plaintiffs and the FLSA Collective to retain all the tips they earned. Rather, upon information and belief, Defendants unlawfully retained portions of the tips earned by Plaintiffs and the FLSA Collective.

108. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255. Defendants were aware or should have been aware that the practices described in this Collective Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

109. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

110. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the FLSA Collective, are entitled to recover from Defendants the tips that were unlawfully retained by the Defendants, an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, together with interest, reasonable attorneys' fees, costs and disbursements in connection with this action, pursuant to 29 U.S.C. § 216(b).

**<u>Prayer For Relief</u>**

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA collective plaintiff and Rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a)      Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)      Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class counsel;

d)      Certification of this case as a collective action pursuant to FLSA;

e)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f)      A declaratory judgment that the practices complained of herein are unlawful under FLSA, OMFWSA, and Section 34a;

g)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)      An award of unpaid wages and overtime premium due Plaintiff and the Collective Action members under the FLSA, OMFWSA, and Section 34a, plus compensatory

damages liquidated damages, and attorney's fees and costs.

i)     An award of unpaid overtime wages due under FLSA and OMFWSA;

j)     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

k)     An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay minimum wages, overtime compensation premium pursuant to OMFWSA and Section 34a;

l)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and OMFWSA;

n)     Liquidated damages under O.R.C. § 4113.15;

o)     The cost and disbursements of this action;

p)     An award of prejudgment and post-judgment fees;

q)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully submitted,

/s/ *Michael T. Mann*
Michael Mann, Esq. (0073845)
Mann & Mann, LLC
30 Garfield Pl., Suite 920
Cincinnati, OH 45202
Phone: (513)621-2888
Fax: (513)345-4449
michael@mannandmannlaw.com
*Trial Attorney for Plaintiffs*

21

## **<u>JURY TRIAL DEMAND</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demands a trial by jury on all questions of fact raised by the complaint.

*/s/ Michael T. Mann (0073845)*
Michael T. Mann, Trial Attorney for Plaintiffs

# EXHIBIT 1

## CONSENT TO SUE UNDER
### FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Ichiban At Mt Lookout Inc., Qing Song Pan, Qing Lin Pan, Mei Ling Ni, Chang Jun Ni, Liang Tuan Pan and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Lian Hui Qi
Full Legal Name (Print)

Lian Hui Qi
Signature

01/18/2017
Date

24